UNITED STATES COURT DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA

        -against-

                                                    16 CR 34 (DLI)

CHRISTOPHER SCOTT,
CHRISTOPHER SCOTT, Jr. and
NIMBOKO MILLER

-----------------------------------------------------------x

## MEMORANDUM OF LAW

Marion Seltzer, Esq.
1725 York Avenue - Suite 16B
New York, New York 10128
(212) 289-8798
MarionSeltzer23@gmail.com

Dated: September 22, 2016

INTRODUCTION:

This memorandum is submitted in support of Nimboko Miller's motion :

(1)   Pursuant to Fed. R. Crim Proc. 8, 12, and14 (A) severing the trial of NIMBOKO MILLER from his co-defendants on the grounds of misjoinder and/or the prejudicial effect of evidence to be introduced against the co-defendants that is not relevant to and inadmissible against Mr. Miller.,

(2)   Prior to Determining the severance motion directing the prosecutor to deliver to the court for inspection any co-defendant's statement that the government intends to use as evidence to determine whether the introduction of such evidence would violate Mr. Miller's constitutional right under *Bruton v United States,* and

(3)   Pursuant to Fed R..Crim Proc 7 (f) requiring the government to respond to the attached request for a bill of particulars.

STATEMENT OF FACTS

Nimboko Miller and his two co-defendants are charged in an eleven count indictment.

*Count One* charges all defendants with others with Conspiracy to Commit Bank Fraud in violation of 18 USC §1349 between "2006 and November 2008". No overt acts are alleged.

*Counts Two through Seven* charge Christopher Scott and his son Christopher Scott, Jr. And others with bank fraud occurring between "2006 and November 2008" against Wells Fargo Bank N.A and National City Bank. In connection with their fraudulent schemes the Scotts in Counts Four, Five, Six and Seven are charged with making false statements on or about May 30, 2008 (Counts Four and Five) and on or about June 6, 2008 (Counts Six and Seven) involving "John Doe #1" and "Real Estate Company #1".

*Count Eight* charges Nimboko Miller as the sole defendant "and others" with bank fraud allegedly occurring between "2008 and November 2008." against Wells Fargo N.A.

*Counts Nine* through Eleven charge Miller with making false statements to Wells Fargo on June 13, 2008 in relation to the employment of "John Doe #2" being employed by "Real Estate Company #2." and with fraud relating to a statement about the amount of money allegedly possessed by "John Doe #2" in Capital One Bank.

Upon information and belief and upon the discovery provided by the government, it appears that there will be no witness or evidence at trial to connect the Scotts and Nimboko

Miller in any illegal acts or agreements or in any conspiracy. Thus, if Miller is found not guilty of conspiring with the Scotts as charged in Count One, and because the evidence or witnesses against the Scotts in Two through Seven are inadmissible against Miller, the prejudicial spillover from the Scott evidence will so impact Nimboko Miller that he will be unable to receive a fair trial.

SEVERANCE

Fed. R Crim. Proc. 14 (a) provides that the district court has the power to "order separate trials of counts [or] sever the defendants' trials" where it appears that a defendant is prejudiced by the joinder of defendants and/or the joinder of counts in the indictment even if joinder is proper under Rule 8.

Unless there is misjoinder the court is not required to sever either counts or defendants. Where a defendant can show that the prejudice from a joint trial is sufficiently severe to outweigh the judicial economy that would be realized if a joint trial were held, he is entitled to a severance, *United States v Walker,* 142 F. 3d 103, 110 (2d Cir. 1998).

Spillover prejudice occurs when evidence that is admissible against only one or any number of the other defendants will amount to such prejudice that it prevents a particular defendant from receiving a fair trial. Additionally, in cases, where the right of confrontation is denied because of the admission of a confession or statement of one defendant implicating another defendant severance is required, *Bruton v United States,* 391 U.S. 123 (1968).

MULTIPLE CONSPIRACY

In Count One the government has charged a conspiracy between all defendants over a two-year period. The evidence at trial will not show any coordinated or common scheme or plan, any joint acts, or any agreement among the three defendants either actual or imputed. While the schemes alleged may be similar they were distinct in both acts and in time.

There was no overlap among the acts or the participants. Evidence of the Scotts' acts and statements in regard to Counts Two through Seven are unrelated to Nimboko Miller. "Evidence admissible against only one defendant is prejudicial to all defendants and individual trials should be held to avoid that prejudice, *United States v Dinome,* 954 F. 2d 839, 843 (2d Cir. 1992), Prejudice occurs in joint trials when proof inadmissible against a defendant becomes part of his trial solely due to the presence of co-defendants against whom the evidence is admissible, , *United States v Salameh*, 152 F 3d. 88, 115 (2d Cir. 1998).

The court should look to a number of factors to determine whether the joinder was an abuse of discretion. It must consider, for example, to what extent the evidence presented at a joint trial would have been admitted at a single-defendant trial because of the alleged conspiratorial nature of the illegal activity. See *United States v. Bari*, 750 F.2d 1169, 1178 (2d

Cir. 1984), cert. denied, 472 U.S. 1019, 105 S. Ct. 3482, 87 L. Ed. 2d 617 (1985), *United States v. Villegas,* 899 F 2d. 1324, 1347 (2d Cir 1990).

Here, the spillover effect from a jury hearing all the Scott evidence will be insurmountable as far as Miller is concerned and will preclude him from receiving a fair trial.

BILL OF PARTICULARS

Count One of the Indictment the Conspiracy Count charging all three defendants is drawn in such general terms and with such a lack of specificity that Mr. Miller is unable to prepare a defense. In such a situation Rule 7 (f) allows the court to direct the government to respond to a request for a Bill of Particulars so that a defendant may with sufficient particularity identify the nature of the charge against him, enable him to prepare a defense and allow him to plead to a defense of double jeopardy should he be prosecuted a second time for the same offense.

The decision whether or not to grant a bill of particulars is within the discretion of the trial court. Generally, no bill will be required if the information sought was provided in the indictment or in some other alternative form. In this case, it is impossible either from the indictment or from the discovery to prepare a defense. Thus it is incumbent upon the district court to compel the government to reveal crucial information not available from the indictment, such as the dates of the agreement, the identification of documents purportedly falsified, and the participants involved in creating the false documents or participating in the unlawful agreement, *United States v. Bortnovsky,* 820 F. 2d 572, 574 (2d Cir. 1987).

CONCLUSION

For all these reasons, the court should sever the trial of Nimboko Miller from that of his co-defendants and should require the government to respond to the attached request for a bill of particulars.

Respectfully submitted,

*Marion Seltzer*