

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TJS:NDB/BAS
F.#2014R01855

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 5, 2017

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: United States v. Nimboko Miller
> Criminal Docket No. 16-34 (AMD)

Dear Judge Donnelly:

Trial in the above-captioned case is scheduled to begin on July 10, 2017. The defendant Nimboko Miller is charged in a two-count indictment with conspiracy to commit bank fraud and bank fraud. On June 29, 2017, the defendant moved in limine to introduce five exhibits (Defendant's Exhibits A-E) in evidence, including a Department of Justice press release and articles from Wikipedia and CNN. As explained in his submission, the defendant seeks to offer these exhibits about bank activity during the financial crisis in support of a defense that the victim lender (Wells Fargo) was negligent or complicit in the fraud at issue in this case. The government respectfully submits that any such argument is legally impermissible, because it is well settled that a victim's negligence is not a defense to fraud and that any wrongdoing by the victim bank's employees does not alter this analysis or the bank's status as a victim.

Accordingly, the government respectfully submits that the Court should deny the defendant's motion in its entirety and moves in limine based on Rules 401 and 403 of the Federal Rules of Evidence to preclude the defendant from arguing, eliciting on cross-examination or offering evidence concerning wrongdoing or negligence on the part of the victim lender or its officials.

I.      Background

On January 22, 2016, a grand jury sitting in the Eastern District of New York returned an indictment charging the defendant and others with conspiracy to commit bank fraud and bank fraud. The charges stem from the defendant's participation in a mortgage fraud scheme involving unlawful property transactions, where, among other things, a "straw purchaser" was used to obtain a mortgage loan from the victim bank by submitting a mortgage loan application and supporting documents that contained material misrepresentations.

II.     The Defendant Should be Precluded from Raising a "Blame the Victim" Defense

Based on his motion in limine, it is clear that the defendant intends to argue that the mortgage lender, who was the victim of the charged fraud, was a co-conspirator in the fraud because it effectively knew about the defendant's scheme, or alternatively, should have caught the fraudulent application. As set forth below, the defendant should be precluded from arguing, eliciting on cross-examination, or offering evidence concerning wrongdoing or negligence on the part of the bank or its officials. Such a defense is impermissible.[1]

A.      Victim Negligence, Foolishness or Incompetence is Not a Defense

It is well-settled that the negligence of the victim in failing to discover a fraudulent scheme is not a defense to a defendant's criminal misconduct. See United States v. Kaufman, 617 Fed. Appx. 50, 52 (2d Cir. July 7, 2015) (affirming convictions for crimes including bank fraud where the district court instructed the jury that "[v]ictim negligence, carelessness or gullibility is no defense to a charge of such fraud" and holding that the instruction is a proper statement of the law); United States v. Benson, 548 F.2d 42, 46 (2d Cir. 1977). The Second Circuit has consistently held that the "foolish victim" standard is not a defense to fraudulent conduct. Kaufman, 617 Fed. Appx. 52; United States v. Amico, 486 F.3d 764, 780 (2d Cir. 2007); United States v. Thomas, 377 F.3d 232, 242-43 (2d Cir. 2004). The Ninth Circuit recently held that "[t]wo wrongs do not make a right, and lenders' negligence, or even intentional disregard, cannot excuse another's criminal fraud." United States v. Lindsey, 850 F.3d 1009, 1014-15 (9th Cir. 2017) (citing United States v. Colton, 231 F.3d 890, 903 (4th Cir. 2000) (same); United States v. Svete, 556 F.3d 1157, 1165 (11th Cir. 2009) (en banc) (same); United States v. Coyle, 63 F.3d 1239, 1244 (3d Cir. 1995) (same); United States v. Kreimer, 609 F.2d 126, 132 (5th Cir. 1980) (same)).

---

[1]     Moreover, notwithstanding the fact that the exhibits are offered in support of improper legal defenses, the defendant has submitted exhibits that are also irrelevant. The defendant's exhibits related to Wells Fargo's lending practices (Defendant's Exhibits A & B) only concern Federal Housing Administration ("FHA") loans, which are not at issue in this case.

Courts, realizing that inquiries into a victim's negligence are irrelevant and potentially prejudicial, have taken measures to preclude such arguments. See Thomas, 377 F.3d at 243-44 (affirming restrictions on cross-examination of victim; rejecting defendant's argument that victim's foolishness vitiated defendant's fraudulent intent); see also United States v. Allen, 201 F.3d 163, 167 (2d Cir. 2000) (noting that "[t]he victim's negligence in permitting a crime to take place does not excuse the defendant from culpability for her substantive offenses"); Thomas, 377 F.3d at 241 (same).

## C. The Victim is the Mortgage Lender, Not Its Officials or Employees

In its motion in limine, the defendant argues that the bank's employees—its loan officers, attorneys, and brokers, as well as others—were likely complicit in the bank fraud and that as a result, the lending bank cannot be a victim. This argument is not a valid defense to fraud, because the lending bank remains a victim even if certain of its employees participated in the fraud. See United States v. Jimenez, 513 F.3d 62, 74 (3d Cir. 2008) ("[T]he defendants argue that they could not have defrauded [the bank] because the bank was aware of the numerous and sizable overdrafts and consented to them. However, it is not a defense to the charge that an account holder colluded with a bank officer to commit bank fraud. It is the financial institution itself ─ not its officers or agents ─ that is the victim of the fraud § 1344 proscribes."); United States v. Yarmoluk, 993 F. Supp. 206, 209 (S.D.N.Y. 1998) (an institution may be defrauded even if its employees allow or participate in the fraudulent practices).

Indeed, as courts have held, this line of defense "confuses the notion of defrauding a . . . [lender or] bank with the idea of defrauding its owners or directors . . . . Thus even if [a bank officer] knew the true nature of the loan transactions the institutions could nevertheless be defrauded." Id.; see also United States v. Weiss, 752 F.2d 777, 783-84 (2d Cir. 1985) (upholding mail fraud conviction where defendant argued that the illegal scheme was "presumptively used for the benefit of the corporation"); see also United States v. Benson, 548 F.2d 42 (2d Cir. 1977) (the victim's "gullibility or his own criminal background is not relevant to the inquiry" of guilt).

In sum, it is immaterial whether any bank official knew that the mortgage application from the straw buyer in the defendant's scheme was fraudulent, or otherwise participated in the defendant's fraud, or were incompetent, negligent or foolish. The victim was the bank, not its officers.

III.     Conclusion

For the reasons discussed above, the government respectfully submits that the Court should deny the defendant's motion in limine in its entirety and preclude the defendant from eliciting evidence, or arguing to the jury, that the mortgage lender or its officers were negligent or corrupt.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:     /s/
Nomi D. Berenson
Benjamin A. Saltzman
Assistant U.S. Attorneys
718-254-7000

cc:     Clerk of the Court (AMD) (by ECF)
Marion A. Seltzer, Esq. (by ECF)